IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | | |
|---|---|---|
| In Re: | ) | |
| | ) | Chapter 13 |
| Musya Shlayen | ) | |
| | ) | No.: 23-06638 |
| Debtor | ) | Hon. Timothy A. Barnes |

**OBJECTION TO CONFIRMATION OF CHAPTER 13 PLAN**

BMO Harris Bank N.A. ("BMO"), by the undersigned attorney, objects to confirmation of the Debtor's Chapter 13 plan [docket 8], and in support thereof, states as follows:

1. The Debtor filed a Ch. 13 plan on May 23, 2023.

2. BMO is a secured creditor of the Debtor by virtue of a judgment lien recorded 1/27/23 in Cook County, Illinois as document number 2302746006 that is a lien against the Debtor's principal residence commonly known as 6066 Kane Avenue, Hodgkins, IL 60525 (the "Property"). The judgment lien is based on a 4/8/19 judgment in the amount of $70,461.76.

3. Debtor asserts that the value of the Property is $110,000.00 and schedules BMO's lien at $80,000.00.

4. The Debtor used the template for calculation of lien avoidance as set forth in Section 3.4 of the plan.

5. Within subpart (e) of the calculation, the Debtor is required to state the "Value of debtor(s)' interest in property", to which the Debtor asserts $55,000.00.

Grounds for Objection

A. BMO's Lien is Understated

6. At the time of bankruptcy filing, BMO's judgment lien (including statutory post-judgment interest and costs) was in the amount of $99,551.95 (see proof of claim). Debtor's plan

must make provision for said amount.

### B. The Property Value is Understated

7. Debtor's valuation of $110,000.00 is substantially less than the Cook County Assessor's estimated market value of $131,560.00. BMO reserves the right to obtain an independent interior appraisal for valuation purposes.

### C. Debtor's Interest in the Property is Incorrect

8. Debtor asserts that the value of her interest in the Property is $55,000.00; presumably, Debtor is asserting she has only half interest in the Property because she owns it in joint tenancy with her daughter.

8. The Debtor's position is legally incorrect.

9. As a joint tenant, the Debtor does not own a fractional 50% of the property (as a tenant in common could, for example) but rather both the Debtor and her daughter own 100% of the property. Baillie v. Raoul, 2019 IL App (4th) 180655, 137 N.E.3d 240, 244-45 (4th Dist. 2019).

10. As a result, the Debtor's lien strip calculation in Section 3.4(e) of the plan must reflect a value of the full market value of the Property, not half of it.

11. As a secured claim holder BMO does not accept the amended plan and therefore the plan should not be confirmed. 11 U.S.C. 1325(a)(5)(A).

WHEREFORE, BMO Harris Bank N.A. respectfully requests that this Court enter an Order denying confirmation of the Debtor's Chapter 13 Plan, and for any other relief this Court deems just.

        BMO Harris Bank N.A.

        By: <u>/s/ Adham Alaily</u>
        One of its attorneys

Adham Alaily
aalaily@ea-atty.com
EGAN & ALAILY, LLC
20 S. Clark St., Suite 2120
Chicago, Illinois 60603
(312) 253-8640

[